

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Eric M. Schweiker, Assistant U.S. Attorney  402 East State Street, Room 430  Main No.(609) 989-2190
 Trenton, New Jersey 08608  Fax No. (609) 989-2275

EMS/PL AGR
2009R00866

**RECEIVED**

MAR 21 2012

AT 8:30_____M
WILLIAM T. WALSH CLERK

August 9, 2011

Ian Comisky, Esq.
Matthew Lee, Esq.
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998

CR 13-202(MLC)

Re: <u>Plea Agreement with Rakesh Chitkara</u>

Dear Messrs. Comisky and Lee:

This letter sets forth the plea agreement between your client, Rakesh Chitkara, the United States Attorney for the District of New Jersey, and the United States Department of Justice, Tax Division (the "Offices").

<u>Charge</u>

Conditioned on the understandings specified below, the Offices will accept a guilty plea from Rakesh Chitkara to Count Four of a five-count information, which charges Rakesh Chitkara with filing a false tax return for tax year 2007, in violation of 26 U.S.C. § 7206(1). If Rakesh Chitkara enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Offices will not initiate any further criminal charges against Rakesh Chitkara for maintaining undisclosed offshore bank accounts at foreign banks from 2000 through the date of this plea agreement. In addition, if Rakesh Chitkara fully complies with all of the terms of this agreement, at the time of sentencing in this matter, the Offices will move to dismiss Counts One through Three and Five of the information against Rakesh Chitkara. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Rakesh Chitkara may be commenced against him, notwithstanding the expiration of the limitations period after Rakesh Chitkara signs the agreement.

## Sentencing

The violation of 26 U.S.C. § 7206(1) to which Rakesh Chitkara agrees to plead guilty carries a statutory maximum prison sentence of 3 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Rakesh Chitkara is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Offices cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Rakesh Chitkara ultimately will receive.

Further, in addition to imposing any other penalty on Rakesh Chitkara, the sentencing judge: (1) will order Rakesh Chitkara to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Rakesh Chitkara to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Rakesh Chitkara to pay the costs of prosecution; (4) pursuant to 18 U.S.C. § 3583, may require Rakesh Chitkara to serve a term of supervised release of not more than one year, which will begin at the expiration of any term of imprisonment imposed. Should Rakesh Chitkara be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Rakesh Chitkara may be sentenced to not more than one year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of The Offices Regarding Sentencing

Except as otherwise provided in this agreement, the Offices reserve their right to take any position with respect to the appropriate sentence to be imposed on Rakesh Chitkara by the

sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Offices may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Rakesh Chitkara's activities and relevant conduct with respect to this case.

### Stipulations

The Offices and Rakesh Chitkara agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the Offices is based on the information and evidence that the Offices possess as of the date of this agreement. Thus, if the Offices obtain or receive additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the Offices shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the Offices or Rakesh Chitkara from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Offices and Rakesh Chitkara waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the United States Department of Justice, Tax Division, and cannot bind other federal, state, or local authorities. However, the Offices will bring this agreement to the attention of other federal, state, and local agencies, if requested to do so.

Prior to the date of sentencing, Rakesh Chitkara shall: (1) for the calendar years 2002 through 2008, either (a) sign Internal Revenue Service Form 870 (Waiver of Restrictions on Assessment and Collection of Deficiency in Tax), or (b) file accurate amended personal federal income tax returns; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Rakesh Chitkara agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Rakesh Chitkara. With respect to disclosure of the criminal file to the Internal Revenue Service, Rakesh Chitkara

waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Rakesh Chitkara's tax returns and return information.

Rakesh Chitkara further agrees that prior to the date of sentencing, he shall pay a civil penalty to the IRS equal to fifty percent of the highest year-end aggregate balance in Rakesh Chitkara's two UBS accounts for calendar years 2000 through the date of this plea agreement. Rakesh Chitkara agrees to pay this civil penalty as part of his acceptance of responsibility in this matter and in order to completely resolve his civil liability for willfully failing to file Reports of Foreign Bank and Financial Accounts, Forms TD F 90-22.1 ("FBARs"), for calendar years 2000 through 2008, concerning foreign financial accounts in which the defendant had a financial interest, or over which the defendant had signature or other authority. The parties further agree that the civil penalty to be paid by Rakesh Chitkara in this matter is $839,885, representing fifty percent of the year-end aggregate balance in Rakesh Chitkara's two UBS accounts for calendar year 2007. This FBAR penalty is in addition to Rakesh Chitkara's obligation to file accurate amended personal returns for calendar years 2002 through 2008, and to pay all taxes due on those returns, as set forth in the preceding paragraph.

No Other Promises

This agreement constitutes the plea agreement between Rakesh Chitkara and the Offices and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Eric Schweiker
Assistant U.S. Attorney

Tino Lisella
Trial Attorney
Tax Division

APPROVED:

_____
William E. Fitzpatrick
Deputy U.S. Attorney


      I have received this letter from my attorney, Ian Comisky, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, and waiver. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:

_____    Date: Aug. 19, 2011
Rakesh Chitkara


      I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, and waiver. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 8·19·2011
Ian Comisky, Esq.

                                    3·21·2013

- 6 -

## Plea Agreement With Rakesh Chitkara

### Schedule A

1. The Offices and Rakesh Chitkara agree to stipulate to the following facts:

    a. The tax loss that Rakesh Chitkara caused by filing false income tax returns is greater than $12,500 but less than $30,000. This range is arrived at by including relevant conduct, which dates back to tax year 2000.

    b. The offense conduct involved sophisticated means under Section 2T1.1(b)(2) of the United States Sentencing Guidelines.

    c. As of the date of this letter, Rakesh Chitkara has demonstrated acceptance of responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Rakesh Chitkara's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

2. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.